■ GEORGIA MALONE & COMPANY, INC., Respondent, v EXTELL DEVELOPMENT COMPANY et al., Appellants. [987 NYS2d 167]—

Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered January 16, 2014, in favor of plaintiff, unanimously affirmed, with costs.

Plaintiff's entitlement to a broker's commission is established by the real estate contract, which acknowledges plaintiff's performance of services and expressly promises that plaintiff will be paid by the sellers in the subject transaction (*Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 67 [1st Dept 1999]). However, the contract does not specify the amount of the commission, and there is no separate brokerage agreement. Thus, plaintiff is entitled to a commission that is "fair and reasonable," i.e. "the customary rate in the community at the time when the services are rendered" (*Kaplon-Belo Assoc. v Cheng*, 258 AD2d 622, 622 [2d Dept 1999]). Plaintiff's expert opined, based on the specific transaction at issue, that plaintiff is entitled to a 2% commission. Defendants' vice president's affirmation, which states that brokerage commissions such as this are generally arrived at by negotiation, is conclusory, has no basis in the record, and fails to address plaintiff's expert's claims. We reject defendants' challenge, made for the first time on appeal, to plaintiff's expert's credentials (*see Guzman v 4030 Bronx Blvd. Assoc. L.L.C.*, 54 AD3d 42, 49 [1st Dept 2008]), as well as their contention that the motion court should not have considered the affidavit because plaintiff failed to disclose the expert (*see Downes v American Monument Co.*, 283 AD2d 256 [1st Dept 2001]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.